JOSEPH GELETA, Respondent, *v.* BUFFALO AND NIAGARA FALLS ELECTRIC RAILWAY, Appellant.

*Contributory negligence — injury to one driving a wagon on an electric railway from a rear-end collision with a car.*

In an action brought against an electric railway company to recover damages for personal injuries, it appeared that while the plaintiff was driving along the road between the village of Tonawanda and the city of Buffalo, with one horse and the wheels on one side of his wagon between the rails of the defendant's track, a car approaching from the rear at a speed of twenty or thirty miles an hour collided with the wagon and caused the plaintiff to sustain injuries.

The accident occurred about seven o'clock in the evening when it was quite dark. The plaintiff's wagon carried no light. The plaintiff was familar with the road and knew that the defendant's cars ran at high speed in that locality. He could have driven upon either side of the track in safety.

The car which struck the wagon bore a large headlight and was lighted inside by electricity. It was in full view of the plaintiff, had he looked back, for two minutes before the accident.

*Held*, that the evidence showed affirmatively that the plaintiff was guilty of contributory negligence.

McLENNAN, P. J., dissented.

APPEAL by the defendant, the Buffalo and Niagara Falls Electric Railway, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 10th day of February, 1903, upon the verdict of a jury for $1,100, and also from an order entered in said clerk's office on the 20th day of February, 1903, denying the defendant's motion for a new trial made upon the minutes.

*J. H. Metcalf*, for the appellant.

*John Cunneen, V. H. Riordan* and *Charles W. Sickmon*, for the respondent.

WILLIAMS, J.:

The judgment and order should be reversed upon questions of law, the facts having been examined and no error found therein, and a new trial granted, with costs to the appellant to abide event.

The action was to recover damages for personal injuries alleged

to have been caused by the negligence of the defendant.    The verdict involved the finding by the jury that the plaintiff was free from contributory negligence.    Such a finding was not justified by the evidence, and, therefore, the verdict should not be allowed to stand.

The accident occurred on the road between the city of Buffalo and the village of Tonawanda, and about a mile from the latter village.    The plaintiff was driving a team attached to a dirt wagon, and was going towards the city of Buffalo ; one horse was traveling between the rails of the defendant's tracks, and the other outside the rails.    The wheels on one side of the wagon were also between the rails.

The defendant's car came up behind the wagon, going in the same direction and ran against it, throwing the team and wagon off the track and injuring the plaintiff.    Passing the question of defendant's negligence, we are unable to see how the plaintiff was, or could, upon the evidence, properly be found free from contributory negligence.    The accident occurred January 18, 1900, about seven o'clock in the evening.    It was quite dark and plaintiff had no light upon his wagon to indicate to the motorman of the approaching car that the team and wagon were upon the track. Plaintiff was walking his horses along upon the track when he could as well have driven on either side of the tracks, where a car in passing would not have struck him. .There were no other teams in the highway in the vicinity.    He was familiar with the road ; was expecting a car to come along ; knew that one was likely to come at any time, and knew that the cars ran fast in that locality. From the village of Tonawanda to the place of the accident the road and tracks were straight and unobstructed.    The car had a large headlight and was lighted inside with electricity, and could be seen by plaintiff, if he looked around, for 3,000 or 4,000 feet before it reached him.    The car was running twenty to thirty miles an hour and was in full view of plaintiff for two minutes before it struck the team and wagon, and yet during that two minutes plaintiff did not look around to see whether a car was coming until it was too late for him to get off the track and avoid the accident.    There was not only a failure to show the absence of contributory negligence, but the evidence showed affirmatively that the plaintiff was guilty of negligence contributing to the accident.

It needs no authority to show this. The plaintiff should have been nonsuited at the trial upon this ground.

The judgment and order should be reversed and a new trial granted, as before stated.

All concurred, except MCLENNAN, P. J., dissenting.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event, upon questions of law only, the facts having been examined and no error found therein.