### MILLER v. BUFFALO & LAKE ERIE TRACTION CO.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1912.)

1. STREET RAILROADS (§ 117*)—COLLISION—CONTRIBUTORY NEGLIGENCE.

A person driving on a street car track in a city because of the bad condition of the street between the track and the curb is not as a matter of law guilty of contributory negligence precluding a recovery for in-

juries by being struck by a car going at an excessive speed merely because he does not look back for an approaching car oftener than once in every two minutes, since he may rely to some extent on the fact that ordinarily a motorman will give him warning of the approach of the car.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

2. STREET RAILROADS (§ 81*)—OPERATION OF CARS—OBLIGATION OF MOTORMAN.

A motorman must have his car under control at street intersections, and in blocks the car must be operated at a reasonably safe speed, and he must give timely warning to persons on the track ahead of him.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 172–177; Dec. Dig. § 81.*]

Appeal from Chautauqua County Court.

Action by Morris Miller against the Buffalo & Lake Erie Traction Company. From an order affirming a judgment for plaintiff, rendered in the Municipal Court of the City of Dunkirk, and from a judgment entered on the order of affirmance, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Charles F. Blair, for appellant.
Nelson J. Palmer, for respondent.

KRUSE, J. The plaintiff was driving a horse and wagon on Central avenue, in the city of Dunkirk. A car came from behind, and a collision occurred, without fault upon the part of the plaintiff, as he claims, and through the carelessness of the defendant's motorman.

The collision occurred on the night of November 25, 1910, at about 10 o'clock. The plaintiff was a junk peddler. He had several bags of junk in his wagon. He had one horse, and was sitting in the front of the wagon driving. He drove on the side of the street, between the track and the curb, until he came to where the macadam was in bad condition, which was not until after he had reached the Dunkirk city line. The street between the curb and the railroad tracks was muddy, stony, and rutty, so he drove with his right wheels between the two rails of the track, where it was paved with brick. While it was at night, there were electric lights along Central avenue and streets intersected the avenue. His horse was jogging along, as he says, about five or six miles an hour. As he was driving along he claims that he looked back every minute or two. A car could be seen for nearly a half a mile, but he did not discover the car. The car was lighted, but it is not very clear just how much. No bell was rung or other warning given, and the motorman did not discover the plaintiff and his rig upon the track in time to avoid the collision. The car was going at the rate of 15 or 20 miles an hour, as one of the witnesses says, and others say it was going but 8 to 10 miles an hour. How fast it was going in the open country beyond the city line may to some extent be inferred, if the plaintiff is truthful in stating that he

looked around as often as every minute or two, and did not see the car, which could be seen for a half a mile. However, when the car struck the plaintiff, it was going enough faster than he was driving to break the wagon, kill the horse, hurt the plaintiff, and go some distance beyond the point of the collision, one of the witnesses says 100 to 150 feet, before it was stopped.

There does not seem to be much doubt about the carelessness of the motorman, at least the jury was warranted in so finding.

[1] It is, however, contended that the plaintiff was guilty of contributory negligence as a matter of law. It would seem that that question was also one for the jury. But it is said that this court has decided otherwise upon similar facts in the case of Geleta v. Buffalo & Niagara Falls Electric Railway, 88 App. Div. 372, 84 N. Y. Supp. 629, affirmed 181 N. Y. 524, 73 N. E. 1124. There the injured plaintiff was driving along a highway in the open country, between Buffalo and Tonawanda. The road was in good condition between the curb and the track, and there was no necessity for his driving upon the track. It was dark. There were no street lights. It was snowing. The track was slippery, and perhaps he should have anticipated that the motorman might not be able to see him in time to avoid a collision. He looked around only once in two minutes. In that respect the case seems to be like this. But I am not aware that it has ever been held that a person driving upon a street car track in a city is guilty of contributory negligence as a matter of law, if he does not happen to look back for an approaching car oftener than once in every two minutes, and is struck by a car going at an excessive rate of speed, without giving him any previous warning at all.

[2] It is expected that a motorman will have his car under control at street intersections, and even in the block go at a reasonably safe rate of speed, and give timely warning to persons who may happen to be on the track ahead of him. A person so driving upon the track has a right to rely, at least to some extent, that ordinarily a motorman does not run him down without giving him some warning. Of course, if the person so driving upon the track is himself careless, he is precluded from recovering for his injuries, even in such a case, if his carelessness contributes to the result.

It should be stated in this connection that the motorman claims that as soon as he discovered the plaintiff he put on the brakes and sounded the gong, and that is all he had time to do before the collision. But, unless the warning was given in time, it, of course, would do no good; and it is very evident that it was not, because it could hardly be expected, even if the plaintiff had heard it, that he could get off the track in time to avoid the collision if the motorman, knowing that a collision was imminent, could not stop his car in time.

I think the judgment and order should be affirmed, with costs. All concur.